UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES PENA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:19cv124(KAD) |
| | : | |
| SCOTT SEMPLE, ET AL., | : | |
| Defendants. | : | |

## RULING ON PENDING MOTIONS

**Procedural Background**

The plaintiff, James Pena ("Pena"), currently incarcerated at the MacDougall-Walker

Correctional Institution ("MacDougall-Walker"), brings this civil rights complaint against

Counselor Supervisor Aldi, Unit Manager Tammaro, Captain Kelly, Lieutenant Bragdon,

Correctional Officers Nichols, John Doe #1 and John Doe #2 and Mental Health Worker J.

Brennan.[1]   He alleges that during his confinement at Corrigan-Radgowski Correctional

Institution ("Corrigan") from January to November 2018, several of the defendants failed to

protect him from assault by another inmate and used excessive force against him. He also asserts

retaliation claims as well as claims that one or more of the defendants was deliberately

indifferent to his medical needs. See Initial Review Order ("IRO"), ECF No. 12 at 18.

On May 13, 2019, Pena filed a document titled "Order to Show Cause and Temporary

Restraining Order."  *See* Motion, ECF No. 10.  The Clerk docketed the order as a motion for

order to show cause and temporary restraining order ("TRO").  On May 16, 2019, the court

directed Counselor Supervisor Aldi to file a response to the motion.  *See* Order, ECF No. 11.  On

---

[1]  Pena listed defendant J. Brennan in the complaint as J. Baennan.  *See* Compl. at 1-2.  It is evident from the Waiver of Service of Summons form signed by Janine Brennan that her last name is spelled Brennan.  *See* Notice, ECF No. 20, at 2.  Thus, the court directs the Clerk to correct the docket to reflect that defendant J. Baennan is J. Brennan.

June 19, 2019, Pena filed a motion for TRO and preliminary injunction. *See* Motion, ECF No. 21. Pena has also filed a motion for appointment of counsel.

**John Doe Defendants**

Preliminarily, in the IRO, the court advised Pena that the Clerk could not serve the complaint on the two John Doe defendants without knowing their first and last names. *See* IRO at 19. The court allowed Pena ninety days to file a notice identifying each Doe defendant by his first and last name and cautioned Pena that failure to file a timely notice would result in dismissal of the claims against the Doe defendants. *See id.* Pena has not notified the Clerk of the first and last name of either Doe defendant. Accordingly, the claims against Correctional Officer John Doe #1 and Correctional Officer John Doe #2 are dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

**Motions to Show Cause and for TRO and Preliminary Injunction [ECF Nos. 10, 21]**

In the first motion, Pena seeks a TRO directing the defendants to transfer him to MacDougall-Walker and to place him on recreation-alone status at that facility. In the second motion, Pena seeks a TRO and a preliminary injunction in the form of orders directing the defendants to provide him with mental health treatment and therapy, to re-prescribe medications for him and to transfer him back to MacDougall-Walker and to place him on recreation-alone status at that facility. In response, Defendant Aldi asserts that Pena has not demonstrated that he will be irreparably harmed if the relief requested is not granted and that Pena has failed to establish that he is likely to succeed on the merits of his claims.

**Standard of Review**

Pursuant to Rule 65(b)(1), Fed. R. Civ. P., a district court may issue a TRO "if specific

facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.* Thus, the "[t]he purpose of a temporary restraining order is to preserve an existing situation *in status quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers School Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (internal quotation marks and citations omitted).

An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) (citation omitted). To warrant preliminary injunctive relief, the moving party must demonstrate (a) that he or she will suffer "irreparable harm" in the absence of an injunction, and (b) either (1) a "likelihood of success on the merits or (2) sufficiently serious questions going to the merits [of the case] to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary injunctive relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks omitted). When considering a request for a preliminary injunction and an application for a temporary restraining order together, the same standard is applicable. *See Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264, 272 (N.D.N.Y. 2015) (citing *inter alia Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992)).

If the movant seeks a "mandatory preliminary injunction that alters the status quo by commanding some positive act," rather than a "prohibitory injunction seeking only to maintain the status quo" then the burden of proof is even greater. *Cacchillo*, 638 F.3d at 406 (internal

quotation marks and citation omitted).  Such a mandatory injunction "should issue only upon

a *clear showing* that the moving party is entitled to the relief requested, or where *extreme* or *very*

*serious* damage will result from a denial of preliminary relief."  *Id.*

**Discussion**

In support of his motions, Pena alleges that on November 28, 2018, prison officials at

Corrigan transferred him to MacDougall-Walker and placed him on recreation-alone status.[2]  On

March 28, 2019, prison officials at MacDougall-Walker transferred Pena back to Corrigan.  On

April 28, 2019, an inmate member of the Bloods gang assaulted Pena.  Officials sent Pena to the

restrictive housing unit because he had fought with the inmate who had assaulted him.  Pena

claims that Mental Health Worker Brennan subsequently discontinued prescriptions for two

medications which had been previously prescribed to him by mental health providers at

MacDougall-Walker to treat his anxiety and sleep issues.

On November 5, 2019, Pena informed the Clerk that he had been transferred to

MacDougall-Walker.  *See* Notice, ECF No. 33.  Thus, the request seeking a transfer to

MacDougall-Walker and the requests for mental health treatment and prescriptions for

medications from Mental Health Worker Brennan or other mental health providers at Corrigan

are now moot.  *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an

inmate's transfer from a prison facility generally moots claims for declaratory and injunctive

---

[2]  Pena mistakenly lists the date of his transfer from Corrigan to MacDougall-Walker as November 28, 2019 in the Motion for Order to Show Cause and as November 28, 2014 in the Motion for TRO/Preliminary Injunction.  Based on the date of Pena's transfer as set forth in the complaint and the timing of events that occurred after his transfer, it is clear that that prison officials transferred Pena from MacDougall-Walker to Corrigan in November 2018 and not in November 2014 or in November 2019.  *See* Compl. at 9 ¶ 42.

relief against officials of that facility.") (citations omitted); *Martin-Tragona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"); *Pugh v. Goord*, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008) (explaining that "[w]here a prisoner has been released from prison, his [or her] claims for injunctive relief based on the conditions of his [or her] incarceration must be dismissed as moot").

In addition, preliminary injunctive relief, whether in the form of an injunction or restraining order, is available only to redress injuries related to the conduct underlying the complaint. *See DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter wholly outside the issues in the suit"); *Trowell v. Upstate Corr. Facility*, No. 9:16-CV-0639(MAD/TWD), 2016 WL 7156559, at *7 (N.D.N.Y. Dec. 7, 2016) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (citation and internal quotation marks omitted)).

Here, the allegations regarding his conditions of confinement and the inmate assault on Pena at Corrigan on April 28, 2019, are unrelated to the allegations in this case. As indicated above, the claims in this matter arise out of events at Corrigan in 2018 when Pena was a pretrial detainee. Indeed, the allegations relied upon in his request for injunctive relief, i.e. his transfer to Corrigan from MacDougall-Walker and subsequent assault by an inmate on April 28, 2019, form the basis of another civil rights action presently pending before this court. *See Pena v. Cook, et*

*al.*, Case No. 3:19cv825(KAD) (Complaint, ECF No. 1 & Am. Compl., ECF No. 11).  Notably, the defendants in this second action are different than the defendants named in this action. The court cannot therefore grant a request for injunctive relief that is wholly unrelated to the claims in this action.

**Motion for Appointment of Counsel [ECF No. 13]**

Pena seeks the appointment of *pro bono* counsel.  Civil litigants, however, do not have a constitutional right to the appointment of counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")  In addition, the Second Circuit has cautioned the district courts against routinely appointing *pro bono* counsel.  *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).

In considering whether to appoint *pro bono* counsel for an indigent litigant, a district court must "first determine whether the indigent's position seems likely to be of substance."  *See Hodge*, 802 F.2d at 61.  "[E]even where the indigent [litigant's] claim is not frivolous, counsel is often unwarranted where the [litigant's] chances of success are extremely slim."  *Cooper*, 877 F.2d at 171; *see also Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).  The present state of the record does not allow the Court to conclude that his claims have sufficient merit so as to make the appointment of counsel appropriate. The Motion for Appointment of Counsel is therefore denied without prejudice

6

should the facts that develop through the litigation permit reassessment of this issue.

**Conclusion**

**The court directs the Clerk to correct the docket to reflect that Defendant J. Baennan is J. Brennan.** The Motion for Order to Show Cause and TRO, [**ECF No. 10**], and Motion for TRO and Motion for Preliminary Injunction, [**ECF No. 21**], are **DENIED**. The Motion for Appointment of Counsel, [**ECF No. 31**], is **DENIED** without prejudice. Pena may file a new motion for appointment of counsel at a later stage of the litigation.

SO ORDERED at Bridgeport, Connecticut this 19th day of November, 2019.

___/s/_____
Kari A. Dooley
United States District Judge