UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES PENA,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:19cv124(KAD) |
| SCOTT SEMPLE, ET AL.,<br>　　Defendants. | :<br>:<br>: |

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

**Kari A. Dooley, United States District Judge**

The plaintiff, James Pena ("Pena"), currently incarcerated at Northern Correctional Institution in Somers, Connecticut initiated this civil rights action against Counselor Supervisor Aldi, Unit Manager Tammaro, Captain Kelly, Lieutenant Bragdon, Correctional Officers Nichols, John Doe #1, and John Doe #2 and Mental Health Worker J. Brennan. He asserts claims of failure to protect him from assault by another inmate, excessive force, retaliation and deliberate indifference to mental health needs arising from his confinement at Corrigan-Radgowski Correctional Institution ("Corrigan") from January to November 2018.

Upon initial review pursuant to 28 U.S.C. § 1915A(b), the Court permitted the Fourteenth Amendment excessive force claim to proceed against Lieutenant Bragdon, Officers Nichols, John Doe #1, and John Doe #2 in their individual capacities, the Fourteenth Amendment failure to protect claim to proceed against Counselor Supervisor Aldi, Unit Manager Tammaro, and Captain Kelly in their individual capacities and against Counselor Supervisor Aldi in his official capacity, the Fourteenth Amendment deliberate indifference to mental health claim to proceed against Mental Health Worker Brennan in her individual capacity, and the First Amendment retaliation claim to proceed against Captain Kelly in his individual capacity. *See* Initial Review

Order, ECF No. 12, at 18.  On July 29, 2019, defendants Aldi, Brennan, Bragdon, Kelly, Nichols, and Tammaro filed an answer to the complaint.  *See* ECF No. 27.

Pena filed a motion for partial summary judgment as to his Fourteenth Amendment claims of excessive force and failure to protect.  For the reasons set forth below, the motion is denied.

**Discussion**

When filing a motion for summary judgment, the moving party bears the burden of demonstrating "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.").  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The moving party may satisfy its burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (*per curium*) (internal quotations and citations omitted).

Pena argues that the undisputed facts establish that Counselor Supervisor Aldi, Unit Manager Tammaro and Captain Kelly failed to protect him from assault despite his many warnings that his safety was in jeopardy and that Lieutenant Bragdon and Officer Nichols subjected him to excessive force after the assault.  In support of his motion, Pena has filed a declaration with attached exhibits, a Statement of Undisputed Facts, and a memorandum.  Defendants Aldi, Kelly Tammaro, Bragdon and Nichols object to the motion on the ground that

2

Pena failed to comply with Local Rule 56(a)1 and 56(a)3. The Court agrees with the defendants.

In this District, a motion for summary judgment must be accompanied by a Local Rule 56(a)1 Statement of Undisputed Material Facts. *See* D. Conn. L. Civ. R. 56(a)1 ("A party moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)1 Statement of Undisputed Material Facts,' which sets forth, in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3, a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried.")  Local Rule 56(a)3 further requires that each statement in the Rule 56(a)1 Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) evidence that would be admissible at trial" and that "[t]he affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence" be submitted "with the Local Rule 56(a)1 . . . Statement[] in conformity with Fed. R. Civ. P. 56(e)."  D. Conn. L. Civ. R. 56(a)3.  Furthermore, Federal Rule of Civil Procedure 56(c)(1)(A) provides in relevant part that "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[.]")

Pena's Local Rule 56(a)1 Statement includes fourteen purported statements of fact in support of his failure to protect claim and four statements of fact in support of his excessive force claim.  *See* Statement of Undisputed Facts, ECF No. 39, at 9-10.  However, only one of the statements includes any reference to specific evidence in the record.[1]  And as noted below, the

---

[1] Statement 11 states: "See Exhibit 1.A. Shows that Partial Reason for Jordan Smith Getting removed out of P.C. is cause He sent the message threw (sic) his sister (my wife) about the "Hit" Place on Me, and suggested that I

3

evidence cited to does not establish the fact asserted. None of the other statements include any citation to an affidavit or declaration of a witness or other evidence that might be admissible at trial as required by Local Rule 56(a)3. *Id.* at 9-10 ¶¶ 1-9, 11-18.[2] Furthermore, several of the statements are not factual assertions but rather Pena's opinion as to why he was assaulted by another inmate on November 14, 2018, *see e.g. id.* at 10 ("The three Major Rules on any gang … are mostly the same. No snitches, No GAYs, No Rapists"), and/or why he should have been in protective custody. *See Id.* ("In accordance to the Protective Manager Directive 9.9, 4 out of the five category pertained to me which at the end it required protective measures."). Paragraph 8 is Pena's paraphrasing Directive 6.14.[3] Paragraphs 17 paragraphs 18 are merely commentary on the evidence or accusations as to the motives of the defendants. *See, id.* ("17 Serval (sic) different C.O. contradicted Lt. Bragdon Reason for spreying Me. 18. LT Pearson lied in a attempt to cover

---

Go to P.C." *Id.* at 10.  This statement is apparently intended to be a citation to evidence in support of Statement 10, which provides: "Jordan Smith #324257 informed the current unity Manager of a "Blood" "hit" Place on Me, due to my criminal charges, and suggested that I should sign up for P.C. With him." *Id.*  Exhibit 1.A is a DOC "Request for Removal from Protective Custody" Form 9905 dated July 2018. It pertains to the removal of Inmate Jordan Smith "a high ranking" member of a gang, from the protective custody unit at Bridgeport Correctional Center. *See id.* at 10 ¶ 11; at 39, Ex. 1.A.  Pena's assertion that this document demonstrates that Inmate Smith conveyed a message to Pena's wife about a hit having been placed on Pena by a member of the Bloods gang and that Pena should request placement in protective custody at Bridgeport Correctional Center is simply incorrect. Generally, the document details an investigation into Smith and his current status as an active and engaged "high ranking" gang member. It concludes that he need not be in Protective Custody because there is no known or verifiable threat to Smith and that he should be returned to the SRG Program. The document includes a report that Smith was using third parties to get messages to other gang members at Corrigan, to include that those gang members should try to get placed in Protective Custody with him.  ECF No. 39 at 39. The document contains no statement or proof of Pena's claim.

[2] In the fifteenth statement, Pena states that inmate Deykevious Russaw witnessed the altercation between him and another inmate on November 14, 2018 and the "injusticness conducted by C.O. Nichols and LT Bragdon." *Id.* at 10 ¶ 15.  Although Pena does not cite to any evidence in support of this fact, Pena did attach a document titled "Declaration of Deykevious 'Bama' Russaw #421625" as Exhibit 11 to his own Declaration. *Id.* at 25.  A declaration must be signed by the declarant and include the date on which it was signed and a statement attesting that "under penalty of perjury ... the foregoing is true and correct."  28 U.S.C. § 1746.  The declaration is unsigned. Furthermore, it does not identify either Officer Nichols or Lieutenant Bragdon as the correctional officials who responded to the altercation between Pena and the other inmate and were involved in using force to gain control over Pena after the altercation.  Thus, the purported declaration of Inmate Russaw does not support the statement that Lieutenant Bragdon and Officer Nichols used unjustified force against Pena.

[3] "The 6.14 Directive, "S.R.G." states that the unit manager and coordinator must be aware and know the Rules, and bylaws ect (sic) of All S.R.G. Groups." *Id.* at 9.

and justified Lt Bragdon reason for spreying me.")  Pena's statement in paragraph 16 that the camera in the dayroom "would also capture the injusticiness conducted by C.O. Nichols and Lt. Bragdon" is purely speculative and is not supported by the submission of any actual video footage from the camera.  *Id.* at 10 ¶ 16.  Indeed, Pena does not allege that he viewed any video footage of the altercation.[4]  In sum, in a variety of ways, Pena's Statement of Undisputed Facts fails to meet the requirements of Local Rules 56(a)1 or 56(a)3.

In his reply to the defendants' objection to his motion for summary judgment, Pena claims that he was unaware of the local and federal rules governing the filing of summary judgment motions and points out that his declaration in support of his motion includes citations to multiple exhibits.  *See* Doc. No. 43.  The Second Circuit has held that "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). *See also, Tross v. Ritz Carlton Hotel Co.*, 928 F. Supp. 2d 498, 503 (D. Conn. 2013) (Hall, J.) ("In this Circuit, a movant's failure to comply with a district court's relevant local rules on a motion for summary judgment permits, but does not require, a court to dispose of that motion.") (citing *Tota v. Bentley*, 379 F. App'x 31, 32–33 (2d Cir. 2010)). "Courts in this District generally look at whether the motion, despite technical non-compliance, substantially complies such that it would be fair to decide the motion on the merits." *Conley v.*

---

[4] Pena includes, as an exhibit to his Declaration, a copy of a Department of Correction Physical Evidence Tag and Chain of Custody form indicating that video footage, from three cameras in the ceiling of the room in which the altercation occurred on November 14, 2018, covering the period beginning one hour before the altercation and ending one hour after the altercation was preserved as of November 15, 2018. *See* Pena Decl. ¶ 14, ECF No. 39, at 5; Ex. 12 at 24.  Pena declares that it is possible that the ceiling camera captured the "assault[] conducted by the police after I was restrained already."  *Id.*  He does not attach a copy of the video footage to his declaration or allege that he viewed the video footage.

*Brysgel*, No. 3:17-CV-322 (VAB), 2018 WL 5315237, at *1 (D. Conn. Oct. 26, 2018).  Here, the Court does not construe Pena's Declaration as a Local Rule 56(a)1 Statement because it suffers from some of the same deficiencies as the document that Pena filed as his Local Rule 56(a)1 Statement.  Many of the statements in Pena's declaration are not statements of fact but are Pena's opinions about or interpretations of documents, directives or reports.  *See* Pena Decl., ECF No. 39, at 2-7 ¶¶ 5, 10-11, 15-24.  Other statements do not constitute statements of facts that are material to the excessive force or failure to protect claims asserted against the defendants.  *Id.* at 2-4, 7 ¶¶ 2-3, 7-9, 14, 25-29.  In addition, some statements include no citations to exhibits or evidence that would be admissible at trial.  *Id.* at 2-5 ¶¶ 1, 3, 6, 12. Accordingly, Pena's submission does not substantially comply with Local Rule 56 and the motion cannot be fairly considered on its merits. *See Bunting v. Kellogg's Corp.*, No. 3:14-cv-621 (VAB), 2016 WL 659661, at *1–2 (D. Conn. Feb. 18, 2016) ("In this case, the Court cannot fairly and completely adjudicate summary judgment in this matter without full compliance with the District of Connecticut's Local Rules. Without a Local Rule 56(a)1 Statement, the Court cannot fairly determine the undisputed facts in this case. Such a determination is essential to evaluating a summary judgment motion.")

### John Doe Defendants

On May 29, 2019, the Court advised Pena that the Clerk could not serve the complaint on the two John Doe defendants without knowing their first and last names.  *See* ECF No. 12 at 19.  The Court permitted Pena ninety days to file a notice identifying each Doe defendant by his first and last name and cautioned Pena that failure to file a timely notice would result in dismissal of the claims against the Doe defendants.  *See id.*  Pena has not filed a notice identifying the first

6

and last name of Officer Doe #1 or the first and last name of Officer Doe #2.  Accordingly, the claims against Correctional Officer John Doe #1 and Correctional Officer John Doe #2 are dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

**Conclusion**

The claims against Correctional Officer John Doe #1 and Correctional Officer John Doe #2 are **DISMISSED** without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.  Pena's Motion for Partial Summary Judgment, [**ECF No. 39**], addressed to the Fourteenth Amendment claims of excessive force and failure to protect from harm, is **DENIED** without prejudice.  Pena is not precluded from asserting his arguments or submitting his exhibits in opposition to any motion for summary judgment that the defendants may file.

SO ORDERED at Bridgeport, Connecticut this 23rd day of July, 2020.

_____/s/_____
Kari A. Dooley
United States District Judge